**SO ORDERED.**

**SIGNED this 24 day of October, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOSEPH L. PERRY and                                         CASE NO. 09-04429-8-JRL
KATINA G. PERRY,
                                                                              CHAPTER 13
         DEBTORS.

## ORDER

This matter came before the court on the debtors' motion for turnover of funds and motion to compel. A hearing was held on October 5, 2011 in Raleigh, North Carolina.

The debtors filed for relief under chapter 13 of the Bankruptcy Code on May 28, 2009. The debtor listed in their schedules a 2005 Mercury Mountaineer (the "vehicle") with a lien in favor of Telco Credit Union ("Telco"). On June 4, 2009, Telco filed a proof of claim in the debtors' case for $17,379.91, the amount owing on the vehicle. Under the terms of the debtors' confirmed plan, Telco holds a secured claim of $12,275.00.[1] In the months that followed, the debtors made scheduled plan payments, reducing the balance of the secured claim to $9,616.25. At this point, the vehicle was wrecked. Geico Insurance Company found that the vehicle was a

---

[1] Telco was also allowed an unsecured claim for the remaining $5,104.91. Under the debtors' chapter 13 plan, however, unsecured creditors are paid 0.00%.

total loss and issued a check payable to the debtors and Telco in the amount of $12,036.25. Telco received and continues to hold the check.

At the hearing, the debtors argued that Telco should be paid the balance of its secured claim for the vehicle in the amount of $9,616.25, and the remaining $2,420.00 of insurance proceeds should be released to the debtors. Telco argued that this treatment would allow the debtors' to evade the application of 11 U.S.C § 348(f)(1)(B) & (C), "by exploiting the total loss of [Telco's] original collateral, and requiring [Telco] to release its lien upon the pre-discharge payment of the remainder of its original secured claim."

Pursuant to 11 U.S.C. 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It also includes "[p]roceeds . . . of or from property of the estate," and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(6)–(7). Moreover, in addition to the property set forth in § 541, the Chapter 13 estate includes "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." 11 U.S.C. § 1306(a)(1). It is clear that the insurance proceeds are property of the chapter 13 estate. The debtors acquired an interest in the proceeds after commencement of the chapter 13 case but before it was closed, dismissed, or converted. 11 U.S.C. § 1306(a)(1).

Section 1327(a) states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C § 1327(a). The

court finds that, pursuant to the confirmed chapter 13 plan, Telco's interest in the proceeds is limited to the balance of its allowed secured claim. In re Stevens, 130 F.3d 1027, 1031 (11th Cir. 1997); In re Habtemichael, 190 B.R. 871, 874 (Bankr. W.D. Mo. 1996). The court authorizes Telco to apply the insurance proceeds to satisfy only the balance of its secured claim. See In re Stevens, 130 F.3d at 1031. The balance is to be paid to the trustee.

Once the $9,616.25 balance of Telco's secured claim is satisfied from the proceeds, the trustee is ordered to hold the remaining $2,420.00 for the debtor pending completion of the plan and discharge.[2] See In re Feher, 202 B.R. 966, 972 (Bankr. S.D. Ill. 1996). In the event that the debtors' case is converted or dismissed prior to completion of the plan and discharge, the trustee shall pay the proceeds to Telco pursuant to its lien, reinstated by § 349(b)(1)(C).

## END OF DOCUMENT

---

[2] At the hearing, the possibility of the Telco's counsel holding the remaining $2,420.00 was discussed briefly. However, to allow Telco to hold the remaining funds would in effect grant adequate protection for a lien that does not exist at this point in the case. After further consideration, the court finds that allowing the trustee in his discretion to dispose of the surplus proceeds provides a more appropriate result.